PENCZAK *v.* PENCZAK.

1. WITNESSES—ATTORNEY AND CLIENT—CUSTOM OF CALLING AT-TORNEYS OF RECORD NOT COMMENDED.

In a suit to set aside a deed on the ground of grantor's mental incompetency, testimony by one of the attorneys of record for defendant, who drew the deed, should not be disregarded, where he appears to have given it frankly and fairly, although the custom of calling attorneys of record in the case as witnesses is not to be commended.

2. APPEAL AND ERROR—CONCLUSION OF TRIAL JUDGE NOT CONTROLLING ON SUPREME COURT.

In a suit to set aside a deed on the ground of grantor's mental incompetency, where the testimony is in direct conflict, the Supreme Court is not controlled by the conclusion of the trial judge, but it should not overlook the fact that he saw and heard the witnesses and was in better position to measure their credibility.

3. SAME — DEEDS — MENTAL COMPETENCY — BURDEN OF PROOF ON PLAINTIFF.

Where a reading of the record fails to satisfy the Supreme Court that plaintiff has sustained the burden of proof necessary to entitle him to have a deed set aside on the ground of grantor's mental incompetency, the decree of the court below dismissing the bill should be affirmed.

Appeal from Wayne; Mayne (Frederick W.), J., presiding. Submitted January 7, 1927. (Docket No. 55.) Decided April 1, 1927.

Bill by John Penczak against Katarzyna Penczak and another to set aside certain deeds. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Benjamin, Betzoldt & Bassett,* for plaintiff.

*William D. Ellsworth (Asher L. Cornelius,* of counsel), for defendants.

---

[1]Witnesses, 40 Cyc. pp. 2232, 2233, 2657; [2]Appeal and Error, 4 C. J. §§ 2867, 2868, 2869, 2870; [3]Id., 4 C. J. §§ 2869, 2870; Deeds, 18 C. J. §§ 515, 550.

FELLOWS, J.   Defendant is the widow, plaintiff the only son by a former marriage of John Penczak, deceased.   John in his lifetime was the owner of two adjoining houses on St. Aubin avenue in Detroit.   During the lifetime of his first wife the title to at least one of the houses was in her and John as tenants by the entireties.   Some three months before his death John and defendant conveyed to a third person, who in turn conveyed to them as such tenants, this house. At his death the title to the other house stood in his name and he also left some personal property.   He died intestate.   This bill is filed to set aside the conveyances through which defendant as survivor claims title, the only ground meriting consideration being the claim of mental incompetency of John.   Undue influence is also alleged but was not stressed on the hearing in the court below and is without merit.

Upon the question of mental capacity the testimony, both lay and medical, was in direct conflict.   Witnesses who saw deceased frequently were called by plaintiff and gave testimony tending to establish plaintiff's claim.   Other witnesses having equal means of observation were called by defendant and gave testimony tending to show that while deceased was failing physically he continued mentally sound.   The physician who attended deceased and who likewise attended plaintiff's family was called by him and his testimony was favorable to the claim that deceased was mentally incompetent.   While he did not find evidence of a syphilitic condition in deceased, he reached the conclusion that deceased had paresis, and that it was the cause of his death although he admitted that the weight of medical authority was to the effect that paresis resulted solely from a syphilitic condition.   Defendant's medical testimony was to the effect that paresis resulted solely from syphilitic conditions, and tended to establish that deceased did not have paresis and was mentally sound.

The scrivener who drew the deeds was one of the attorneys of record for defendant and was called as a witness for her on the hearing.    This practice is not to be commended (*Jacobs* v. *Weissinger*, 211 Mich. 47), but it should be stated in fairness that while he was present during the hearing and was sworn as a witness, he took no part in the examination of witnesses or in any of the arguments or in the conduct of the hearing.    He had known deceased for a great many years and a reading of his testimony does not persuade us that it should be disregarded.    He appears to have given his testimony frankly and fairly.

The case was one of fact, pure and simple.    Much of the testimony was in direct conflict.    While we are not controlled by the conclusion of the trial judge, we should not overlook the fact that he heard and saw the witnesses and was in better position to measure their credibility than are we from a perusal of the printed record.    However, a careful reading of this record does not satisfy us that plaintiff has sustained the burden of proof necessary to entitle him to the relief prayed.

The decree appealed from will be affirmed, with costs of this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.